# ¡ANTONIO ALVAREZ GONZALEZ

## *v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO.

San Juan, Equity, No. 943.

INJUNCTION AS TO RIGHT OF WAY.

Right of Way—Estoppel.
>    1. A party claiming to hold land under a railroad right of way cannot deny the fact that it is a right of way. This question can only be raised by the government or other grantor of the railroad.

Way of Necessity—Injunction.
>    2. Where the right of the complainant is properly denied in the answer, an injunction will not be retained until the plaintiff can establish his right on the law side of the court. But the injunction will be retained a few days to enable the complainant to obtain some other outlet.

Opinion filed January 10, 1914.

*Mr. H. R. Francis* for complainant.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case is a bill seeking to make permanent an injunction which was granted originally. The facts seem to be that the complainant occupied a certain piece of land south of the track

Gonzalez v. American R. Co.

of the defendant, under some kind of a lease from the defendant or its officers; a lease, however, which was terminable upon notice. Notice was given and the complainant accordingly moved, buying or acquiring in some way a piece of land to one side. He finds that his most convenient outlet is over the old piece of land which he once leased. There is apparently a street in the other direction, but he claims that it is further off, and is not so convenient to him. He now comes into court and claims two things: First, that this right of way which he seeks is his by contract with one of the officers or engineers of the defendant company; and, second, that if that be not so, or whether that be so or not, he has a right under the Civil Code, §§571–573, to condemn or expropriate or acquire by certain proceedings the right to use this particular right of way.

1. The complainant says the defendant has not shown that the land in question is part of a railroad right of way, so that it could be assumed it is part of land otherwise used by the defendant company, acquired perhaps for shops or something else. The question of whether this land was acquired by the railroad for a right of way or not does not seem to the court to be material at this time. It is held, according to all the testimony, by the defendant as a right of way for the railroad, and is said by its officers not only to be necessary, but immediately necessary, and the evidence rather tends to show that it will be needed, not perhaps to-day or to-morrow, but in the very immediate future. And even if it is not technically in itself originally a right of way, being claimed and held and used as such, it does not lie in the mouth of the complainant, who had leased it from the railroad, to deny that it was. That

### Gonzalez v. American R. Co.

would be a matter which only the United States or insular government, or whoever was the original sovereign, could complain of. For the purposes of this case it will be held to be a railroad right of way.

The evidence does not at all satisfy the court that the complainant has a right to this passageway as a matter of contract, —in fact, the contrary is fairly well established by the testimony. There seems to be no definite contract, and whatever was done was not done by anyone having authority to do it, that is, to make a contract; so that first claim may be dismissed.

As to the second, that the complainant can establish a right of way of necessity, or a right of way under the Code would probably be another way of stating it, the complainant alleges that he can, and that the injunction should be held in force until he does so on the law side of the court. The court is not at all satisfied that he can, at least under the evidence which has been produced. Of course this is said without prejudice to what may be brought up in the legal proceedings. It would seem that the general rule of equity should prevail. There not being shown so far a clear right in the complainant, the injunction should be dissolved upon the coming in of an answer under oath denying the main allegations of the complaint. Such an answer has now been filed, and the court feels that the case will have to take that course. It realizes the serious condition of the complainant, but it is a condition into which he has walked himself, and the most that the court feels able to do is this,— to direct the clerk to enter an order dissolving the injunction, to be effective five days from to-day. This is Saturday evening, and the court would not be disposed to have the man blocked

up Saturday evening. I think that is as far as I could go, and it will be so ordered.